**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-CV-61672-ARTAU/AUGUSTIN-BIRCH**

**JAMES HOSANNA,**

**Plaintiff,**

**v.**

**PORTFOLIO RECOVERY ASSOCIATES, LLC and EXPERIAN INFORMATION SOLUTIONS, INC.,**

**Defendants.**
______________________________________/

**ORDER DENYING PLAINTIFF'S MOTION**
**TO COMPEL COMPLETE RESPONSIVE DOCUMENTS**

This matter comes before the Court on Plaintiff James Hosanna's Motion to Compel Complete Responsive Documents directed toward Defendant Portfolio Recovery Associates, LLC ("second Motion to Compel"). The second Motion to Compel is briefed at docket entries 67, 71, and 73. The Court held a hearing on the second Motion to Compel on August 18, 2026. The Court has considered the briefing, the parties' arguments during the hearing, and the record. The second Motion to Compel [DE 67] is **DENIED**.

The second Motion to Compel is Plaintiff's second motion seeking documents in response to his Request for Production #'s 1–6. Within the briefing on his first Motion to Compel, Plaintiff narrowed his Requests. DE 55. He narrowed Request #'s 1 and 2 to "documents sufficient to identify each access and the purpose recorded for it, the code legends and field definitions needed to interpret those records, and the polices in effect relevant and proportional under Rule 26(b)(1)." *Id.* at 1. He narrowed Request #'s 3 and 4 to "the bill of sale and chain of assignment for account

ending #8613, the account-level data and identity fields transferred to [Defendant Portfolio], and the account-specific records [Defendant Portfolio] relied upon." *Id.* at 2. And he narrowed Request #'s 5 and 6 to "non-privileg[e]d operational records receipt, account linkage, coding, [Defendant Portfolio's] responses, account and identity-match notes, and [Defendant Portfolio's] communications with Experian about the account or the alleged mismatch." *Id.*

Despite having narrowed his Requests in his own mind, Plaintiff did not confer with Defendant Portfolio's counsel about the narrowed Requests prior to filing the first Motion to Compel or prior to the June 26 hearing on it. During that hearing, the Court confirmed with Plaintiff that he sought to narrow his Requests as he had represented to the Court within the first Motion to Compel. Having confirmation that Plaintiff wanted to narrow his Requests, the Court ordered Plaintiff to serve Defendant Portfolio with narrowed Requests and ordered Defendant Portfolio to respond to them. DE 61 at 2; DE 63.

Plaintiff did serve Defendant Portfolio with updated Request #'s 1–6. But those Requests are not narrowed to conform with his representations to the Court in the first Motion to Compel. His updated Requests are instead expanded or materially different than what he represented in the first Motion to Compel. *Compare* DE 55-3 (responses to original Requests), *and* DE 55 (first Motion to Compel narrowing original Requests), *with* DE 67-2 (responses to updated Requests). His prior representations were untruthful. Had Plaintiff not been untruthful, the Court would not have gone through the exercise of requiring him to serve what the Court, based on his misrepresentations, believed would be narrowed Requests.

Plaintiff now moves to compel Defendant Portfolio to fully respond to his updated Requests. The second Motion to Compel is denied. Rather than responding to the expanded or materially different updated Requests, Defendant Portfolio must only respond to the Requests as

Plaintiff previously represented them to be. Those Requests are as the Court transcribed in paragraph 2 of this Order above, which come from the first Motion to Compel at docket entry 55, pages 1 and 2.

Defendant Portfolio already has responded to those Requests. DE 67-2 at 16–19. For Request #'s 1 and 2, Defendant Portfolio does not have any responsive documents. *Id.* at 17.

For Request #'s 3 and 4, Defendant Portfolio has agreed to produce responsive documents that do not contain the personal identifiable information of a third party who is not Plaintiff. *Id.* at 18. The Court will not compel Defendant Portfolio to produce the personal identifiable information of a third party who is not Plaintiff because the Court does not see how such information is relevant to this case.

For Request #'s 5 and 6, Defendant Portfolio has agreed to produce responsive documents that are not privileged. *Id.* at 19. Since Request #'s 5 and 6 asked for "non-privileg[e]d" documents, DE 55 at 2, the Court does not see any issue with Defendant Portfolio's response. Further, during the August 18 hearing, Defendant Portfolio's counsel represented to the Court that Defendant Portfolio is not withholding any documents responsive to Request # 5 or 6 on the basis of a privilege.

As Defendant Portfolio's responses to Request #'s 1–6 are adequate, Plaintiff's second Motion to Compel [DE 67] is **DENIED**. When a discovery motion is denied, the Court must require the movant to pay the opposing party's reasonable expenses, including attorney fees. Fed. R. Civ. P. 37(a)(5). But the Court must not order this payment if the motion was substantially justified or if other circumstances make an award of expenses unjust. *Id.* The Court advises Plaintiff of this fee provision to ensure he is aware that filing discovery motions makes him susceptible to an order requiring him to make a monetary payment. In the future, the Court will

seriously consider whether a monetary payment is warranted. At this juncture, the Court finds that one would be unjust.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 19th day of August, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE