**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-CV-61672-ARTAU/AUGUSTIN-BIRCH**

**JAMES HOSANNA,**

**Plaintiff,**

**v.**

**PORTFOLIO RECOVERY ASSOCIATES, LLC and EXPERIAN INFORMATION SOLUTIONS, INC.,**

**Defendants.**
_______________________________________/

**ORDER GRANTING DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S MOTION FOR LEAVE TO RESPOND TO PLAINTIFF JAMES HOSANNA'S SECOND REQUESTS FOR ADMISSIONS**

This matter comes before the Court on Defendant Portfolio Recovery Associates, LLC's Motion for Leave to Respond to Plaintiff James Hosanna's Second Requests for Admissions. The Motion is fully briefed at docket entries 86, 92, and 95. The Court has carefully considered the briefing and the record.

The Court set a discovery hearing on the Motion for September 24, 2026, at 10:00 a.m. DE 85. However, upon review of the briefing and the record, a hearing is unnecessary for the Court to resolve the Motion. The September 24 hearing is therefore **CANCELED**. For the reasons set forth below, the Motion [DE 86] is **GRANTED**.

Defendant states in the Motion that Plaintiff served Second Requests for Admissions on August 4, 2026. Defendant did not respond to the Second Requests for Admissions by the response deadline of September 3, 2026. Due to Defendant's failure to timely respond, each of the requests in the Second Requests for Admissions was admitted. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves

on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

An admitted matter "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). A "court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*

Here, permitting Defendant to withdraw its admissions and respond to the Second Requests for Admissions would promote the presentation of the merits in this case. Withdrawal would allow the parties to litigate the merits of issues that otherwise would be resolved, not on their merits, but by operation of Rule 36. Defendant represents that it did not respond to the Second Requests for Admissions on time because, following a meet and conferral with Plaintiff, Defendant believed that Plaintiff either was withdrawing the Second Requests for Admissions or would amend them. If the Court did not permit Defendant to withdraw its admissions, then the issues addressed in the Second Requests for Admissions would be resolved by way of an apparent miscommunication, rather than on their merits.

Further, the Court is not persuaded that permitting Defendant to withdraw its admissions will prejudice Plaintiff. Plaintiff contends that, if the admissions are withdrawn, he will need to go forward to prove the issues that otherwise would be admitted. He states that withdrawal will create additional subjects of inquiry for the Rule 30(b)(6) deposition of Defendant's corporate representative.

"The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Perez v. Mia.-Dade Cnty.*, 297 F.3d 1255, 1266 (11th Cir. 2002) (quotation omitted). "Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden

need to obtain evidence with respect to the questions previously answered by the admissions." *Id.* (quotation omitted).

Plaintiff's need to prove otherwise admitted issues, including through deposition testimony, is not the type of prejudice contemplated under Rule 30(b)(6). The Court notes that the Rule 30(b)(6) deposition of Defendant's corporate representative has not yet taken place. *See* DE 88 (motion requesting additional time to complete the Rule 30(b)(6) deposition).[1] Since the deposition has not occurred, this is not a situation where Plaintiff refrained from asking certain questions at a deposition because he believed the questions were unnecessary given Defendant's admissions.

Plaintiff has not pointed to any issue Defendant has admitted that Plaintiff is now unable to litigate on its merits. He has not pointed to any evidence that has become unavailable. He does highlight that the discovery deadline passed on September 15. But the Court will set a short deadline for Defendant to serve responses to the Second Requests for Admissions, giving Plaintiff plenty of time to review those responses before the current October 15 deadline for dispositive motions. And in fact, Defendant has already attached proposed responses to its Motion. DE 86-2. The Court is not persuaded that Plaintiff will suffer prejudice.

Defendant's Motion for Leave to Respond to Plaintiff's Second Requests for Admissions [DE 86] is **GRANTED**. Defendant's admissions due to its failure to timely respond to the Second Requests for Admissions are withdrawn. Defendant must serve responses to the Second Requests for Admissions by **September 25, 2026**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 20th day of September, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

[1] Plaintiff's Motion at docket entry 88 seeking modification of the Honorable Ed Artau's Scheduling Order [DE 42] is pending before Judge Artau and has not been referred to the undersigned Magistrate Judge.